IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 1:23-cr-14-AW-MAL

JOSEPH A. VALDEZ,
    Defendant.
_____/

# GOVERNMENT'S RESPONSE TO DEFENDANT'S DOUBLE-COUNTING OBJECTION TO PRESENTENCE INVESTIGATION REPORT

In his sentencing memorandum (ECF No. 37 at pgs. 3-5), Valdez objects to the two-level enhancement under § 2A6.2(b)(1)(E) for offenses involving "a pattern of activity involving stalking, threatening, harassing, or assaulting the same victim." Because he was convicted of interstate stalking under 18 U.S.C. § 2261A(2)(B), Valdez says his pattern of stalking activity is already reflected in § 2A6.2(a)'s base offense level of 18, and accordingly, the two-level pattern enhancement constitutes impermissible double-counting. Valdez is incorrect.

"Double-counting occurs when one part of the Sentencing Guidelines is applied to increase a defendant's punishment on account of a harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Babcock*, 924 F.3d 1180, 1196 (11th Cir. 2019). But what may appear to be double-counting is actually permissible "cumulative counting," *id.*, where the "Sentencing Commission intended that result and each guideline section in

1

question concerns conceptually separate notions relating to sentencing." *United States v. Flanders*, 752 F.3d 1317, 1340 (11th Cir. 2014). "Absent evidence to the contrary," the court presumes "the Sentencing Commission intended to apply separate sections cumulatively." *Babcock*, 924 F.3d at 1996. "[A]s a result, a defendant asserting a double counting claim has a tough task." *Flanders*, 752 F.3d at 1340.

No double-counting occurred here because § 2A6.2(a)'s base offense level does not "fully account" for Valdez's pattern of stalking and harassment. To be sure, Valdez's § 2261A(2)(B) conviction for interstate stalking means that his guideline range is calculated under § 2A6.2, which provides for a base offense level of 18. But stalking convictions under § 2261A(2) are not the only convictions that fall under § 2A6.2 and are assigned a base offense level of 18. This Guideline (and base offense level) applies to all convictions under 18 U.S.C. §§ 2261-2262. *See* U.S.S.G. § 2A6.2 commentary. As the First Circuit has helpfully observed, the Guideline "targets three separate types of crimes"—interstate domestic violence (§ 2261), interstate stalking (§ 2261A), and interstate violation of a protection order (§ 2262)—"and lumps them within the rubric of 'Stalking or Domestic Violence offenses." *United States v. Fiume*, 708 F.3d 59, 62 (1st Cir. 20213). But the crimes covered by the Guideline do not all share the same aggravating

features.[1] The Commission instead chose to account for those features through the specific offense enhancements in § 2A6.2(b)(1). *See* U.S.S.G. App'x C, Vol. 1, at 508 (Amendment 549) (noting that the new § 2A6.2 Guideline provides for a base offense level "and an enhancement for the presence of one or more aggravating factors that are often part of a stalking offense, including the violation of a court protection order and the presence of a pattern of stalking, harassing, threatening, or assaultive conduct"). Thus, "[t]he most logical conclusion" from the structure of the Guideline "is that the defendant's base offense level accounts for the general nature of the offense of conviction as one of stalking or domestic violence, but does not account specifically" for the differing aggravating factors that often (but do not always) occur in these types of offenses. *Id.*

Put another way, the enhancements in § 2A6.2(b)(1) "bridge[] the gap and account[] for this feature of the defendant's crime." *Fiume*, 708 F.3d at 62 (rejecting an argument that § 2A6.2(b)(1)(A)'s enhancement for violation of a court protection order constitutes double-counting when the defendant is convicted of interstate violation of a protection order under § 2262(a)(1)). Because § 2A6.2(a)'s base offense level does not require or presume that the defendant engaged in pattern of stalking or harassment, the Guideline reasonably provides for

---

[1] Indeed, § 2261A(2) is the only section that requires the defendant to engage in a course of conduct that places the victim in fear or substantial emotional distress.

3

a specific offense enhancement to hold a defendant accountable for engaging in that conduct. This "is single counting, not double counting." *Fiume*, 708 at 62.

That many (if not most) defendants convicted of stalking under § 2261A(2)(B) will receive the two-level enhancement under § 2A6.2(b)(1)(E) reflects not a defect in the Guideline but the Commission's design.[2] Indeed, the Eleventh Circuit has observed that the Commission sometimes intends the Guidelines to work this way. For example, convictions for carjacking under 18 U.S.C. § 2119 are scored under § 2B3.1 (Robbery), which provides for a base offense level of 20 and a two-level specific offense enhancement "if the offense involved carjacking." *See United States v. Naves*, 252 F.3d 1166, 1168-69 (11th Cir. 2001). Like Valdez, the defendant in *Naves* argued that § 2B3.1's "base offense level fully accounted for the level of culpability attributed to the offense of carjacking and that there adding two levels because 'the offense involved carjacking' constitutes impermissible 'double counting.'" And though the structure of § 2B3.1 means that every defendant convicted of carjacking and sentenced under § 2B3.1 will receive the two-level enhancement, the Eleventh Circuit

---

[2] It's not clear that every defendant convicted under § 2261A(2)(B) will automatically qualify for enhancement under § 2A6.2(b)(1)(E) because there are meaningful differences in the provisions' the text, with the former being broader than the latter. *Cf.* 18 U.S.C. § 2266(2) (defining "course of conduct" for purposes of § 2261A(2)(B) as "a pattern of conduct composed of 2 or more *acts evidencing a continuity of purpose*" (emphasis added)) *with* U.S.S.G. § 2A6.2 cmt. n.1 (defining "pattern of activity involving stalking, threatening, harassing, or assaulting the same victim" to mean "any combination of two or more separate *instances of stalking, threatening, harassing, or assaulting the same victim*" (emphasis added)). But for the reasons discussed in this response, there is no impermissible double-counting even if the enhancement applies to every defendant convicted under § 2261A(2)(B).

rejected the defendant's double-counting argument. *Id.* "We must assume," the court explained, "that the Sentencing Commission knew that the two point enhancement … would be imposed in every case involving a conviction under § 2119, that it intended this result, and that in effect it was creating a base offense level of 22 for a conviction under § 2119." *Id.*

The Court came to a similar conclusion in *United States v. Phillips*, 363 F.3d 1167, 1169 (11th Cir. 2004), when it rejected the defendant's argument that § 2B1.1's two-level enhancement for offenses involving "a violation of any prior, specific judicial or administrative order" constituted impermissible double-counting of the base offense level for the defendant's conviction for failure to pay court-ordered child support under 18 U.S.C. § 228(a)(3). Importantly, the court noted that § 2B1.1's base offense level was not "limited to those who willfully pay court-ordered child support" because the guideline "addresses a wide variety" of theft offenses. *Id.* at 1168. And while "the Sentencing Commission could have created a separate guideline for willful failure to pay child support," the court reasoned that it was "rational for [the Commission] to use § 2B1.1 to establish a base offense level of six for the culpability incident to [theft offenses]" and "to then provide a two-level increase 'to reflect the heightened seriousness' of a violation of a court order." *Id.* at 1169. *See also United States v. Bracciale*, 374 F.3d 998, 1010 (11th Cir. 2004); *United States v. Hall*, 312 F.3d 1250, 1263 n.17 (11th Cir. 2002); *United States v. Cubero*, 754 F.3d 888, 893-95 (11th Cir. 2014).

These precedents recognize that "[c]onduct that constitutes an element of the crime may be the proper subject of a separate enhancement so long as the base offense level set by the guideline does not specifically address the same conduct." *United States v. Spears*, 692 F.App'x 564, 569 (11th Cir. 2017). Section § 2A6.2(a)'s base offense level sets a floor for all convictions under 18 U.S.C. §§ 2261-2262. Because not all convictions covered by the Guideline require the defendant to engage in a pattern of stalking or harassment, it was rationale (and appropriate) for the Commission to include a two-level specific offense enhancement to "reflect the heightened seriousness" of that conduct. *See Phillips*, 363 F.3d at 1169. Valdez's objection to paragraph 49 of the presentence report should be overruled.

    Respectfully submitted,

    JASON R. COODY
    United States Attorney

    */s/ Jordane E. Learn*
    _____
    JORDANE E. LEARN
    JUSTIN M. KEEN
    Assistant United States Attorneys
    Northern District of Florida
    Florida Bar No. 117808 and 021034
    111 North Adams Street, 4th Floor
    Tallahassee, FL 32301
    (850) 942-8430
    jordane.e.learn@usdoj.gov
    justin.keen@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that this memorandum complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains approximately <u>1,501</u> words.

JUSTIN M. KEEN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 26th day of February, 2024, which will send notification of such filing to all counsel of record.

JUSTIN M. KEEN
Assistant United States Attorney